FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 12 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

---

LINDA BLACK,
    Movant

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
    Respondent

1:19-CV-3624

Complaint

    I, Linda Black (Movant), am a customer of Wells Fargo Bank N.A. with offices at 1305 W. 23rd Street, Tempe, AZ 85282 and I am the customer whose records are being requested by the United States Securities and Exchange Commission (Respondant).

    The financial records sought by the United States Securities and Exchange Commission are not relevant to any legitimate law enforcement inquiry stated in the Customer Notice, Re: <u>In the Matter of Encompass Holdings, Inc. (C-08523)</u> (the "Matter"), should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978, the Federal Rules of Civil Procedure and or other legal basis of the laws of the United States of America for the reasons enumerated below:

1. Movant has not now or previously had any business, agreements, documents, or communications with Encompass Holdings, Inc. Nor has Movant engaged in any activity of "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" (in accordance to Section 20(a) of theSecurities Act of 1933). Nor Does Movant believe that Respondant can produce evidence, either direct or circumstantial, to the contrary. No rational connection can be established.

2. Movant, having not waived service, has not received any summons or complaint alleging that Movant is a Defendant In the Matter of Encompass Holdings, Inc.

3. Pursuant to 12 US Code Right to Financial Privacy, section 3408 (4)(A): "a copy of the request has been served upon the customer or mailed to his last known address on or before the date on which the request was made to the financial institution...". Movant was served via United Parcel Service on August 9th, 2019 with a copy of the Subpoena and the letter informing the financial institution of the Subpoena. Both the Subpoena and the letter to the financial institution are dated August 8th, 2019. Movant contends that Respondant has failed to comply with the plain and sensible meaning of the statute, The Right to Financial Privacy Act and Federal Rules of Civil Procedure in not serving upon the customer a copy "on or before the date on which the request was made to the financial institution" and no deference is owed to the Respondant's interpretation. Citing, Hunt, et al. v. United States Securities & Exchange Commission and United States v. W. T. Grant Co. Movant believes the danger of recurrent violation of the Right to Financial Privacy Act represents more than a mere possibility and injunctive relief is merited.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

4. Respondant, by their own admission, has stated in their letter to Wells Fargo that their investigation is a "fact-finding inquiry". Yet Respondant has not sought a statement or as much as inquire of Movant if they have any knowledge or information regarding the Matter. A request for financial records is premature.

5. Movant contends the Respondant's request for financial records constitutes an investigation in search of a crime, an unreasonable search and violates fundamental and basic rights of the United States Constitution as well as presumption of innocence, due process and other protections found under the 4th, 5th and 14th Amendments.

6. Movant contends that an intrusion into Movant's financial records would violate privacy protections of marital relations as well as the privacy protections of every person, business, and institution that the Movant transacts with. Movant further contends that a "fact-finding inquiry" is insufficient grounds to violate such privacy protections as Movant is entitled to a 'reasonable' expectation of Fourth Amendment protection as determined in Katz v. United States.

7. To prevail upon a federal court to enforce a subpoena, the SEC must demonstrate four things: (1) a legitimate purpose for the investigation; (2) that the particular inquiry at issue may be relevant to that purpose; (3) that the SEC does not already possess the information sought; and (4) that all required administrative steps have been followed. Movant contends that the Respondant can not meet this burden.

I declare under penalty of perjury jury that this statement foregoing is true and correct.

Dated: 8/12/19

Linda Black

## CERTIFICATE OF SERVICE

      I declare under penalty of perjury that I have mailed or delivered a copy of the attached motion and sworn statement to:

Amy S. Cotter, Chicago Regional Office, Securities and Exchange Commission, 175 W. Jackson, Suite 1450, Chicago, IL 60604

and

Richard M. Humes, Esq., Securities and Exchange Commission, 100 F St. N.E., Washington, D.C. 20549 on __8/12/19__.

                                                    Linda Black



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Encompass Holdings, Inc., C-08523

**To:** Wells Fargo Bank, N.A.
Summons and Subpoena Processing
1305 W. 23rd Street
Tempe, AZ 85282
MAC: S4001-01F

☒ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 100 F St., N.E., Mailstop 5973, Washington, DC 20549-5973, no later than September 6, 2019 at 5:00 p.m.

☐ **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena.
Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

By: _____   Date: August 8, 2019
Amy S. Cotter, Assistant Director
U.S. Securities and Exchange Commission
Chicago Regional Office
175 W. Jackson, Suite 1450
Chicago, IL 60604

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS: If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

# SUBPOENA ATTACHMENT FOR WELLS FARGO BANK, N.A.
## In the Matter of Encompass Holdings, Inc., C-08523

August 8, 2019
**Definitions and Instructions**

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1. "Wells Fargo Bank, N.A." means the entity doing business under the name "Wells Fargo Bank, N.A." ("Wells Fargo"), including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2. "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, facsimiles, messages of any type, telephone messages, text messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

3. "Communication" means any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

4. "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

5. "Relevant Period" means the time period beginning **May 1, 2017**, and continuing to the present, unless otherwise specified.

6. Documents should be labeled with sequential numbering (bates-stamped).

## Instructions

1. As this is a federal civil law enforcement investigation, which is confidential and non-public (pursuant to, including but not limited to, 17 C.F.R. §203.5), we ask that you respond without providing notification of this subpoena or this investigation to any account holder or third party about which this subpoena seeks information. If you are **not** willing to comply with this request, please contact the attorney whose name appears on this subpoena before providing such notice.

2. Unless otherwise specified, this subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All responsive electronic Documents, including all metadata, should also be produced in their native software format.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you <u>must</u> secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

4. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

5. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

6. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, i.e., delineated with staples or paper clips to identify the Document boundaries.

7. Documents should be labeled with sequential numbering (bates-stamped).

8. You must produce all Documents created during, or Concerning, the period from **May 1, 2017** to the date of this subpoena, unless otherwise specified.

2

9. The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

10. You are not required to produce exact duplicates of any Documents that have been previously produced to the Securities and Exchange Commission staff in connection with this matter. If you are not producing Documents based upon a prior production, please identify the responsive Documents that were previously produced.

11. For any Documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the Document production.

12. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what you are not producing. The list should describe each item separately, noting:

   a. its author(s);
   b. its date;
   c. its subject matter;
   d. the name of the Person who has the item now, or the last Person known to have it;
   e. the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
   f. the basis upon which you are not producing the responsive Document;
   g. the specific request in the subpoena to which the Document relates;
   h. the attorney(s) and the client(s) involved; and
   i. in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

13. If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

### Documents to be Produced

A.  Produce all Documents identified below (electronically, pursuant to the Commission's Data Delivery Standards) for the Relevant Period concerning any account in the name of **Linda (Aumick) Black** (whose social security number is available by calling Raven Winters at (312) 596-6018), including, but not limited to, any of the following known account numbers: 1010016487787.

1. Electronic file of all account transaction data in either MS Excel spreadsheet file format or in a Delimited Text file format with a preferred delimiter of a vertical bar "|".

3

2. Electronic image of all account opening and authority information, including, but not limited to, new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained.

3. Electronic image of all monthly account statements.

4. Electronic image of all supporting documents for all account transactions in the monthly account statements including, but not limited to, the following: canceled checks (front and back); deposit slips and copies of the deposit items listed on the deposit slips; debit and credit notices; drafts of all manner; cashier's checks; official checks; money orders; certified checks; electronic fund transfer notices; wire transfer advices/notices and wire transfer instructions (including authorizations, memoranda, and confirmations).

5. All Documents sufficient to identify all extensions of credit information including, but not limited to, the following: promissory notes; loan applications or agreements (including Wells Fargo card and overdraft applications or agreements); guarantees; letters of credit; financial statements; security agreements; and collateral pledges.

6. All Documents sufficient to identify safety deposit boxes.

7. All Documents and Communications (including emails) between Wells Fargo personnel and the account holder(s) or signatories concerning the accounts above.

8. All Documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the IP address used to access the account for each session.

**Provided, however, that there shall not be produced in response to this subpoena any original of, copy of, or information known to have been derived from any record maintained by WELLS FARGO in relation to an account in the name of a "customer" other than Linda (Aumick) Black. The term "customer" is limited to any individual, sole proprietorship, or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any service of WELLS FARGO, or for whom WELLS FARGO is acting or has acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name. The term "customer" does not include (i) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.**

4

## DECLARATION OF [*Insert Name*] CERTIFYING RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

I, the undersigned, [*insert name*], pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by _____ as [*insert position*] and by reason of my position am authorized and qualified to make this declaration. [*if possible supply additional information as to how person is qualified to make declaration, e.g., I am custodian of records, I am familiar with the company's recordkeeping practices or systems, etc.*]

2. I further certify that the documents [*attached hereto or submitted herewith*] and stamped [*insert bates range*] are true copies of records that were:

    (a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

    (b) kept in the course of regularly conducted business activity; and

    (c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on [*date*].

_____
[*Name*]



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Chicago Regional Office
175 W. Jackson, Suite 1450
Chicago, IL 60604

**DIVISION OF ENFORCEMENT**

Amy S. Cotter
Assistant Director
(312) 886-8501
cottera@sec.gov

August 8, 2019

VIA OVERNIGHT DELIVERY
Wells Fargo Bank, N.A.
Summons and Subpoena Processing
1305 W.23rd Street
Tempe, AZ 85282
MAC: S4001-01F

Re: In the Matter of Encompass Holdings, Inc. (C-08523)

Dear Sir/Madam:

The enclosed subpoena has been issued pursuant to a formal order entered by the United States Securities and Exchange Commission. Pursuant to Rule 8 of the United States Securities and Exchange Commission's Rules Relating to Investigations, 17 C.F.R. § 203.8, I have enclosed a subpoena for documents issued to Wells Fargo Bank, N.A ("Wells Fargo"), in connection with the above-referenced investigation.

The enclosed subpoena requires Wells Fargo to produce documents to the SEC by **September 6, 2019**. Please deliver the materials by September 6, 2019 at 5:00 p.m. to:

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973

For smaller electronic productions under 10MB in size, the materials may be emailed to the following email address: ENF-CPU@sec.gov.

Please also provide a duplicate copy of any document production cover letters to Raven A. Winters at wintersr@sec.gov. Additionally, please include the SEC matter number and the name of the requesting attorney when responding.

Please carefully read the subpoena attachment, which contains, among other things, important instructions related to the manner of producing documents. In particular, if Wells Fargo prefers to send us copies of original documents, **the staff requests that you scan and produce hard copy documents, as well as electronic documents, in an electronic format consistent with the SEC Data Delivery Standards attached hereto. All electronic documents**

**responsive to the subpoena, including all metadata, should also be produced in their native software format.** If you have any questions concerning the production of documents in an electronic format, please contact Raven A. Winters at (312) 596-6018 or wintersr@sec.gov as soon as possible and in any event before producing documents. For security reasons, we strongly encourage the encryption of sensitive documents before production.

When producing the records, please consecutively number and mark each document produced with a symbol that identifies it as being produced by Wells Fargo, and provide an index that briefly identifies the documents produced.

A copy of the subpoena should be included with the documents that are produced. Correspondence should reference case number, case name and requesting SEC staff member.

Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a separate cover letter mailed separately from the data. Password correspondence should reference case number, case name and requesting SEC staff member.

In addition, for any documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please have the appropriate representative(s) of Wells Fargo complete a business records certification (a sample of which is enclosed) and return it with the document production. Execution of this certification may allow the Commission to introduce the documents provided by Wells Fargo in any subsequent judicial proceeding, without requiring the testimony of a records custodian.

Enclosed is a copy of the Commission's Form 1662, entitled "Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena." This form explains how we may use the information that Wells Fargo provides to the Commission and has other important information.

**Certain of the information called for by the subpoena may constitute "financial records" of a "customer" within the meaning of the Right to Financial Privacy Act of 1978 [12 U.S.C. 3401-22] (the "RFPA"). Pursuant to Section 1103(b) of the RFPA [12 U.S.C. 3403(b)], you may not release these records to us until I have furnished you with a certificate of compliance with the applicable provisions of that act. I expect to send you such a certificate in approximately 14 days.**

**If the document production contains Bank Secrecy Act materials, please segregate and label those materials within the production.**

Pursuant to Section 1115 of the Right to Financial Privacy Act (12 U.S.C. § 3415), Wells Fargo may be entitled to reimbursement for certain costs incurred in complying with this subpoena. An itemized invoice is required in order to obtain reimbursement; please submit the invoice to Raven A. Winters at wintersr@sec.gov within 30 days after production is complete.

2

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation does not mean that we have concluded that anyone has violated the law. Also, the investigation does not mean that we have a negative opinion of any person, entity, or security.

If you have any questions or would like to discuss this matter, you may contact Raven A. Winters at (312) 596-6018 or wintersr@sec.gov.

Sincerely,

Amy S. Cotter
Assistant Director
Division of Enforcement

Enclosures:	Subpoena and Attachment
SEC Data Delivery Standards
SEC Form 1662
Business Records Certification